IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHANIE ROBERSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00459 |
| | § | |
| QUICKTRIP CORPORATION, | § | |
| *Defendant*. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant, erroneously named "QUICKTRIP CORPORATION" (hereinafter, "Defendant") in the cause styled *"Stephanie Roberson v. QuikTrip Corporation"* originally pending as Cause No. 048-323698-21 in the 48th Judicial District Court of Tarrant County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Fort Worth Division.

**I.**
**BASIS FOR REMOVAL**

The basis for removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.  In particular, diversity jurisdiction exists because there is complete diversity of citizenship between the parties: Plaintiff is a citizen of the State of Texas; Defendant is not a citizen of the State of Texas; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff Stephanie Roberson, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.[1]

QuikTrip Corporation ("QuikTrip"), at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma. QuikTrip Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims in her lawsuit that, on or about June 15, 2019, she sustained chemical burns while using a fuel pump at a Fort Worth QuikTrip convenience store.[2]  Plaintiff filed suit against erroneously named Defendant "QUICKTRIP CORPORATION" on March 1, 2021, in the 48th Judicial District Court, Tarrant County, Texas, alleging premises-liability claims against Defendant.

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00.  Specifically, Plaintiff pleads that she seeks "monetary relief over $250,000.00 and less than $1,000,000.00" from Defendant in this case for, *inter alia*, past and future: medical expenses; pain and suffering; mental anguish; physical impairment; physical disfigurement; lost

---

[1] *See* EXHIBIT A: *Pl's' Orig. Pet.*, at p. 1, ¶ I (1).

[2] EXHIBIT A: *Pl's' Orig. Pet.*, at p. 2, ¶¶ III (3.1)-(3.2).

wages; and losses in earning capacity.[3]  Accordingly, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[4]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." *See* 28 U.S.C. § 1446(b).  Defendant first became aware this case was removable on or about March 5, 2021, when Defendant was served with *Plaintiff's Original Petition*.  This removal, filed within thirty days thereafter, is timely.  Moreover, less than one year passed since the commencement of the action in state court on March 1, 2021.  *See* 28 U.S.C. § 1446(b).

## VI.
## VENUE

Venue is proper in this District and Division under 28 U.S.C. § 1441(a) because this District and Division encompasses the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant has filed with the Clerk of the 48th Judicial District Court of Tarrant County, Texas a *Notice of Filing Notice of Removal* to Federal Court simultaneously with the filing of this

---

[3] *See* <u>EXHIBIT A</u>: *Pl's' Orig. Pet.*, at p. 4, ¶ VI (6.1 [*sic*]) (amount); pp. 5-6, ¶¶ (a)-(g) (categories).

[4] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

Notice of Removal.

Additionally, and pursuant to Local Rule 81.1, the following documents are attached hereto for this Honorable Court's reference:

(1) State court docket sheet (as of March 26, 2021);

(2) Plaintiff's Original Petition (03/01/21)

(3) Citation to QuikTrip Corporation (03/05/21); and

(4) Defendant QuikTrip Corporation's Original Answer (March 26, 2021).

Lastly, in compliance with Local Rule 81.1, Defendant submits the following documents with its Notice of Removal:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant "QUICKTRIP CORPORATION" respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.  Praying further, Defendant respectfully seeks all such other and further relief, both at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**PEAVLER | BRISCOE**

*/s/ B. Kyle Briscoe*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record, pursuant to and in accordance with the Federal Rules of Civil Procedure, on March 26, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**