# EXHIBIT A

Exhibit A

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information          03/26/2021 9:36 AM

Court : 048   Case : 323698   [Search]   [New Search]   ☐ Show Service Documents ONLY

**Cause Number : 048-323698-21**                          **Date Filed : 03-01-2021**

STEPHANIE ROBERSON  | VS |  QUICKTRIP CORPORATION

**Cause of Action :** INJURY OR DAMAGE, OTHER INJURY OR DAMAGE
**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 03-01-2021 | PLTF'S ORIG PET & REQ/DISCLOSURE | N | | $289.00 | |
| 03-01-2021 | PAYMENT RECEIVED trans #1 | Y | | | $289.00 |
| 03-01-2021 | COVER LTR TO ORIG PET & REQ/CIT-EMAIL | | | | $0.00 |
| 03-01-2021 | CIT-ISSUED ON QUICKTRIP CORPORATION-On 03/02/2021 | N | Svc | $8.00 | |
| 03-01-2021 | PAYMENT RECEIVED trans #4 | Y | | | $8.00 |
| 03-09-2021 | CIT RET OF SVC-QUICKTRIP CORPORATION EXEC 3-5-21 | | | | $0.00 |
| 03-09-2021 | CIT Tr# 4 RET EXEC(QUICKTRIP CORPORATION) On 03/05/2021 | | | | $0.00 |

# EXHIBIT B

**Exhibit B**

FILED
TARRANT COUNTY
3/1/2021 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-323698-21

| | | |
|---|---|---|
| STEPHANIE ROBERSON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| QUICKTRIP CORPORATION | § | |
| Defendant, | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, STEPHANIE ROBERSON, complaining of Defendant, QUICKTRIP CORPORATION and for cause of action would show unto the Court the following:

## I.
## PARTIES AND SERVICE

Plaintiff

1. Plaintiff, STEPHANIE ROBERSON is a resident of Dallas, Texas.

Defendant

1.1 Defendant, QUICKTRIP CORPORATION is a corporation authorized to conduct business in the State of Texas and may be served with process by its registered agent: Marshall J. Wells, 4705 S. 129th Avenue, Tulsa, Oklahoma, 74134-7008.

**SERVICE OF THIS DEFENDANTS IS REQUESTED AT THIS TIME**

## II.
## JURISDICTION AND VENUE

2.1 This Court has jurisdiction over the Defendant as it conducts business in the State of Texas and the amount in controversy exceeds the minimum jurisdictional limit of this Court. Venue is

PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE
PAGE 1

proper in Tarrant County, Texas under the Texas Civil Practices and Remedies Code §15.002 as QUICKTRIP CORPORATION has numerous locations throughout the Tarrant County, Texas area.

### III.
### FACTS

3.1   On June 15, 2019, STEPHANIE ROBERSON was a business invitee of QUICKTRIP CORPORATION Store 959, located at 5300 McCart Avenue, Fort Worth, Texas 76133.

3.2   On June 15, 2019, the Plaintiff put the gas nozzle in her fuel tank and when she started pumping gas, the gas nozzle "exploded" causing gas to spray all over the Plaintiff and she sustained severe chemical burns. The QUICKTRIP CORPORATION has refused to investigate and process Plaintiff's claim, forcing Plaintiff to file suit to protect her rights.

3.3   As a result of the Defendant's negligent conduct as well as failing to maintain a safe and defect free gas nozzle resulted in Plaintiff's injury. Defendant was in complete control of the gas pumps in question.

3.4   Consequently, Plaintiff suffered serious bodily injury as a result of the fall which was proximately caused by the dangerous condition of the unsafe and defective gas nozzle.

3.5   The Defendant was negligent in its maintenance of the gas nozzle in question by failing to maintain the nozzle in a safe operating manner as any reasonably prudent seller of gasoline would in the same or similar circumstance.

### IV.
### PREMISES LIABILITY

4.1   Plaintiff was a business invitee on the premises in question.

4.2   QUICKTRIP CORPORATION is the owner of the property in question where the incident which forms the basis of this lawsuit occurred.

4.3   The condition of the defective gas nozzle created a dangerous condition on said premises.

4.4     Defendant knew or reasonably should have known of the above-referenced dangerous condition on said premises.

4.5     Defendant owed a duty to Plaintiff as a business invitee to warn of said dangerous condition and to make the dangerous condition safe. Defendant breached this duty by failing to warn and failing to make safe this dangerous condition.

4.6     Said breach of duty by Defendant proximately caused the Plaintiff's injuries complained of herein.

## V.
## DAMAGES OF PLAINTIFF

5.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured. Plaintiff demands compensation for the following damages.

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering and mental anguish in the past;

4. Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5. Physical impairment;

6. Physical disfigurement;

7. Loss of earning capacity in the past and future;

8. Loss of household services;

9. By reason of all of the above, Plaintiff, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VI.
## PLAINTIFF'S DAMAGES - RULE 47

6.1. Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporated herein by this reference for all purposes.

6.1. Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief over $250,000.00 and less than $1,000,000.00. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury. Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

6.3 As a direct and proximate result of the wrongful conduct of Defendant, as alleged herein, Plaintiff has sustained both property damages as well as medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages.

## VII.
## REQUEST FOR DISCLOSURE

7.1 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose within fifty (50) days of service of this request, the information and material described in Rule 194. Plaintiff further requests that the responding parties produce the responsive documents at The LIDJI Firm in fifty (50) days of service of this request. This Request was initially served on Defendant with Plaintiff's Original Petition.

## VIII.
## JURY DEMAND

8.1   Plaintiff requests a trial by jury in this matter.

## IX.
## DOCUMENTS TO BE USED

9.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause.  Moreover, Defendant is put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, emails from the store from the corporate office, and/or any communication whatsoever related to the defective gas nozzle that resulted in the Plaintiff's incident on June 15, 2019.  Furthermore, this notice includes preserving any and all videotape surveillance of the incident in question as well as any evidence related to the relocation of the parking chock at issue from the location.

## X.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

- a.   Judgment against Defendant for damages as pled or otherwise, both general and special;
- b.   Pre-judgment and post-judgment legal interest as provided by law;
- c.   Past and future reasonable medical expenses;
- d.   Past and future pain and suffering and mental anguish;
- e.   Past and future physical impairment;

f. Past and future physical disfigurement;

g. Past and future lost wages and earning capacity;

h. Costs of court; and

i. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**The LIDJI Firm**

*/s/ I. Scott Lidji*
I. SCOTT LIDJI
Texas Bar No. 24000336
scott@thelidjifirm.com
MARY JO R. BETZEN
SBN: 24089054
maryjo@thelidjifirm.com
CARLOS G. GALLIANI
Texas Bar No. 24069752
carlos@thelidjifirm.com
Meadow Park Tower
10440 N. Central Expressway
Suite 1240
Dallas, Texas 75231
legal@thelidjifirm.com
Toll Tel:  (800) BAD-PILL
Toll Fax: (844) BAD-PILL
(Tel)     (972) BAD-PILL; (972) 223-7455
(Fax)    (214) 753-4751
Website: BADPILL.COM
**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT C

Exhibit C

Process Server
3-5-21

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

#949 / Claim 19-3253
S Smart

## CITATION

**Cause No. 048-323698-21**

STEPHANIE ROBERSON
VS.
QUICKTRIP CORPORATION

**TO: QUICKTRIP CORPORATION**

B/S REG AGENT-MARSHALL J WELLS 4705 S 129TH AVE TULSA, OK 74134-7008

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 48th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

STEPHANIE ROBERSON

Filed in said Court on March 1st, 2021 Against
QUICKTRIP CORPORATION

For suit, said suit being numbered 048-323698-21 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE a copy of which accompanies this citation.

I SCOTT LIDJI
Attorney for STEPHANIE ROBERSON Phone No. (972)223-7455
Address  MEADOW PARK TOWER 10440 N CENTRAL EXPWY STE 1240 DALLAS, TX 75231

____Thomas A. Wilder____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 2nd day of March, 2021.

By _____Natalie Thigpen_____
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 03/02/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM, on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *04832369821000004*

Received this Citation on the ____ day of _____, ____ at ____ o'clock __M; and executed at _____ within the county of _____, State of ____ at ____ o'clock __M on the 5 day of March 21 by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $ _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this ____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)

County of _____, State of _____

# CITATION

Cause No. 048-323698-21

STEPHANIE ROBERSON

VS.

QUICKTRIP CORPORATION

ISSUED

This 2nd day of March, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      NATALIE THIGPEN Deputy



---

I SCOTT LIDJI
Attorney for: STEPHANIE ROBERSON
Phone No. (972)223-7455
ADDRESS: MEADOW PARK TOWER
10440 N CENTRAL EXPWY STE 1240
DALLAS, TX 75231

## CIVIL LAW



*0483236982100004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# EXHIBIT D

Exhibit D

048-323698-21

FILED
TARRANT COUNTY
3/26/2021 9:43 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-323698-21

| | | |
|---|---|---|
| STEPHANIE ROBERSON, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | 48th JUDICIAL DISTRICT COURT |
| | § | |
| QUICKTRIP CORPORATION, | § | |
| *Defendant*. | § | TARRANT COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL TO PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE 48TH JUDICIAL DISTRICT COURT:**

**COMES NOW**, Defendant "QUICKTRIP CORPORATION," filing its *Original Answer and Verified Denial to Plaintiff's Original Petition*, respectfully showing as follows:

**I.**
**VERIFIED DENIAL**

By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from Defendant in the capacity in which it has been sued. Specifically, Defendant denies that "QUICKTRIP CORPORATION" owned or operated the store or premises at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against Defendant because the proper party has not been sued. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

**II.**
**GENERAL DENIAL**

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and -- to the extent that such matters are questions of fact -- says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

## III.
## <u>DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY</u>

1.      Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that any of its alleged acts or omissions proximately caused Plaintiff's alleged damages, if any.

2.      Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's alleged damages, if any. Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate and/or a supervening and/or an intervening cause of Plaintiff's alleged damages or injuries, if any.

3.      Defendant asserts that Plaintiff's damages or injuries, if any, were caused by the acts or omissions of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate and/or an intervening and/or a supervening cause of Plaintiff's damages or injuries, if any.

4.      Defendant had neither actual nor constructive knowledge of the condition about which Plaintiff complains, and further asserts that, in any event, the alleged condition was not "unreasonably dangerous."

5.      Additionally, and in the alternative, Defendant asserts that the alleged premises condition of which Plaintiff complains was already appreciated by Plaintiff, was open and obvious, was not concealed, and/or was a known risk and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect Plaintiff from same.

6.      Additionally, and in the alternative, Defendant asserts that it provided adequate warning of the condition at issue.

7. Defendant further contends that the incident complained of was an unavoidable accident, as that term is defined under Texas law.

8. To the extent necessary, Defendant asserts that the damages of which Plaintiff complains, if any, may be the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions may therefore be the sole or a contributing cause of Plaintiff's alleged damages, if any.

9. Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

10. Defendant asserts that Plaintiff may be malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and, accordingly, Defendant contends said treatment may not be medically necessary or reasonable.

11. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

12. Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff under Texas Civil Practice and Remedies Code § 41.0105.

13. Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, Defendant asserts that evidence of such alleged losses must

be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

14. In the unlikely event an adverse judgment is rendered against Defendant in this matter, Defendant respectfully prays for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

## IV.
## REQUEST FOR COURT REPORTER

Defendant respectfully requests that a court reporter be present at all proceedings before this Honorable Court.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

**PEAVLER | BRISCOE**

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendant hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record, pursuant to and in accordance with the Texas Rules of Civil Procedure, on March 26, 2021.

/s/ B. Kyle Briscoe
**B. Kyle Briscoe**

**VERIFICATION**

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Before me, the undersigned authority, did personally appear B. Kyle Briscoe, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a disqualifying crime, and that he is over the age of 21 and competent to make this verification. Accordingly, Mr. Briscoe verifies that the facts alleged in Paragraph I of the foregoing pleading are true and correct.

_____
B. Kyle Briscoe

Subscribed and sworn to before me on this 26th day of March, 2021.

_____
NOTARY PUBLIC in and for the State of Texas

STEPHANIE MACDONALD
Notary Public, State of Texas
Comm. Expires 11-20-2021
Notary ID 131357315